Good morning, your honors, and may it please the court and counsel. My name is Russell Leonard. I'm an assistant federal public defender for the Western District of Washington in Tacoma. This appeal presents two primary issues, a trial issue and a sentencing issue. The trial issue being the evidence of poverty that was admitted by the district court. The sentencing issue being about the obstruction of justice enhancement. I'll focus my remarks today on the impecuniousness argument, the trial argument, and I'd ask to reserve two minutes of time. And of course I'd be happy to entertain questions about either argument. The government asserts here... So your best argument is about the evidence? I don't know if that's the best argument. I think it's the one most worthy of the court's time here at oral argument. I would ask... The reason I ask that is, what's my standard review about that? Your honor, I think the court reviews the admission of evidence for, I believe it's an abuse of discretion. Right. So the district court makes an abuse of, you're suggesting that what the district court did here was such an abuse of his discretion that I should overturn on an evidentiary matter. I believe that that's correct as well. And so let's look at it. When this evidence was presented to the old trial judge, what's the first thing the old trial judge would have to think about? Whether or not the evidence is admissible. Or whether it's relevant, right? That's right. Under the evidence... And then even if it's relevant, what's the next thing the judge has to think about? Whether it's more prejudicial than probative. Or the probative value substantially outweighs its unfair prejudice. And you're saying, are you suggesting this evidence isn't relevant? I am suggesting under these circumstances that it is not relevant because it... So you're going for the relevance issue rather than the unfairly prejudicial? Well, they're both obviously issues that the court has to screen for. So even if evidence were relevant, it could also be unfairly prejudicial. I would also note there's an element... Well, what are you going to do with our case, U.S. v. Jackson? This case... ...an abrupt change in his status for the better. Evidence that one is living beyond his means is probative of the case involving a crime and resulting in financial gain. Now, the D.J. sees Jackson. He hears this evidence. How do I say that he can say this is totally irrelevant in that situation? Your Honor, the Jackson case talks about abrupt, unexplained changes in financial situation. And there, it was a change from nothing to something. The testimony was that Jackson never had any money. And after that, the witness testifies, yeah, he managed to come up with $100 now to pay for this P.O. box. But has that a distinction with... It seems to me a distinction without a difference. Your Honor, I believe it's an important distinction here because the record of this case and these cases are all fact-based questions. And that's the worry I have. I mean, he's asking the very question he ought to ask, a distinction without a difference. If we're just going on facts and we're talking about facts alone, we're talking about abuse of discretion. What does that mean to you? What do you got to have if it's an abuse? There has to be... It can't even be plausible. Here... It can't even be inferred. It's just terrible to infer it from the fact. You're suggesting that this goes that far. I am, Your Honor. The record here shows explanations and no abrupt change in the financial situation of the defendant and her husband. Excuse me? I thought this was a person who was... Basically, there was garnishments and all kinds of things. All of a sudden, there's money in your account. She makes a mortgage payment in cash. She makes a down payment on a motorcycle. That's pretty abrupt. Abrupt, unexplained is the standard here, and there were explanations for... And what were those? That Ms. Ludwig received loans from her... Basically, loans from her QIN salary in advance, one of which was specifically for the purchase of a vehicle. She also received merit bonus awards from... Were those proven at trial? Pardon? Were those proven at trial? That's correct. They were. They were established at trial by our... Let's assume for a moment that this was error and that you reached the standard that Judge Smith talked about. It's harmless error, is it not? We disagree with that, Your Honor. Not the standard here? I mean, you're not saying this is structural error. This is an evidentiary issue. No, that is... It's very, very rarely a structural error. You're not claiming that that's what we have here, are you? You're correct, Your Honor. We're not claiming structural error. Okay, so then we're talking about we apply the harmless error standard. Under the facts of this case, even if you take all of this out, how do you save your case in those circumstances? There's an abundance of evidence besides this that convicts your client, isn't there? I would disagree with that, Your Honor. I think that I would characterize this much more like the Mitchell case where the evidence is in equipose, as the court said there. That case is... We like that term. This was the... Equipose. What does that mean to you? What it means is that there was testimony. It wasn't clear that... Equipose means it's not clear? Well, my view of equipose is that there was evidence on either side here. It was not clear as to the... There wasn't overwhelming proof against the defendant. So the Mitchell case is instructive. The Mitchell case... Let me ask you, was the Mitchell case a court trial? No, it was a jury trial, Your Honor. What was this case? It was a judge trial. So we got a judge. A court trial who's letting in some evidence that you don't like, which I've seen too many of these, been involved in too many of these. Judges often say let it in for what it's worth because they don't even have to look at it. They just don't want to stop in the middle of the trial. I'm still trying to struggle with this abuse of discretion. This is a court trial. The government cited the EEOC versus Farmer case, and I think that there's an acknowledgement that just because a trial is a judge trial doesn't mean that all error would be harmless in the admission of... We understand that, but it's harmless if he doesn't ever rely on that which you suggest was wrong. And I have a tough time in this record suggesting that this judge thinks that this evidence just shows this is a poor guy, and so therefore he was being mean to the poor guy. In fact, Your Honor, the EEOC case is a situation where the trial judge in fact said, irrespective of the impermissible evidence in that case, I would have still found against the claimant. So that didn't happen here. This judge did not make a statement to the effect that I would have convicted her anyway without this evidence. Do you want to save the rest of your time? You're down to 1.33. Thank you. Okay. Counsel for the government, please. Good morning, Your Honors. Tate London on behalf of the United States. This was a four-day bench trial, and the district court found the evidence established beyond a reasonable doubt that Ms. Ludwig had embezzled funds as to 20 of the 23 counts. Ms. Ludwig makes no challenge to the sufficiency of the evidence in this case, and the primary issue at trial is whether Ms. Ludwig kept the money from the checks that she was cashing, and the government presented overwhelming evidence of Ms. Ludwig's guilt that she converted these checks and used it to make payments on her mortgage and cash and to pay off other personal debts. The documentary evidence established that there was a bank deposit ticket maintained by the Revenue Department. There was a signed receipt maintained by Ms. Ludwig. As to the counts of conviction, there was neither one of these documents. When you read the verdict, the judge's decision, the first five pages talk about the evidence exclusive of the financial evidence that the defense, the appellant, complains of. It talks in terms of the testimony of the tribal witnesses, this documentary evidence. It's not until page six, almost the end of the opinion, in which the district court says, I've considered the financial evidence, and he said, I've considered it for a limited purpose. The temporal connection between cash that Ms. Ludwig acknowledged that she had from cashing these checks and the payment of debts for which she didn't have the financial wherewithal to make these cash payments. So that's not relevant. I don't know what relevance is. I don't think relevance is at issue here. The 403 analysis, this is relevant. It's probative. It's also prejudicial, but I think when you do the calculus of the 403 calculus, this is clearly highly probative. All relevant evidence is prejudicial. If it weren't prejudicial, it wouldn't be relevant. Correct. I think the district court made crystal clear that it did not consider the financial evidence for motive purposes. As you read that decision, nowhere in the decision, and I think in at least three places the court talks in terms of that temporal connection, the evidence was omitted for a limited purpose. And the defense got an acquittal on three of the counts. I mean, clearly the court here parsed the evidence as to each count, whether this evidence established, beyond a reasonable doubt, the embezzlements that were charged in the indictment. The standard is whether there's an unexplained, abrupt change in circumstances. And the case law also talks about a specific and immediate financial need. Here, the mortgage evidence establishes just that. You have a long history of mortgage payment by check. There is a period before the embezzlement where there are some payments. There's a 14-month period. There's four cashier's check or cash payments totaling $5,000. During the period of the embezzlement, if you take a 14-month period, compare apples and apples, there's 10 cash payments totaling $15,000. The judge found that evidence, that temporal connection, to be circumstantial evidence that went towards the conviction as to those 20 counts. Other evidence, the collections evidence. Your Honors mentioned the garnishments. There were garnishments in 2007. In December of 2007, Ms. Ludwig gets a cashier's check for $2,700 to pay the collection agency. If you look at a snapshot, Exhibit 56 was December 19th and December 20th of 2007. Ms. Ludwig issued a check, tribal check, for $2,700. No supporting documentation for that check. The same day, she deposits $1,700 cash into her checking account. The following day, she purchases a $2,700 cashier's check to pay off the collection debt. As the district court stated, it was the timing of the payment of the mortgage and other large bills in cash is not coincidence. Is Ms. Ludwig out of jail? She is. I believe that she completed her sentence as of June of this year. Is she on probation or supervised? She continues to be on supervised release. How long? I didn't find that in the record. Your Honor, I believe it's at least a year, and I'm not clear if it was longer than that. So she's still on supervised release. Correct. Do you recall what the guidelines were with or without the obstruction? With the obstruction, the guideline range was 21 to 27 months. So without obstruction, two levels off that, she received an eight-month sentence well below the guideline range. Even after? Correct. If you remove the two-point adjustment for obstruction, eight months is well below the next level, below 21 to 27 months. And with respect to the perjury, I don't know if you wish to be heard as to that obstruction. I'm sensing the Court does not. So unless there are further questions, I will add this. You know, with respect to this evidence was probative, it was relevant, and the Court did not say that it considered it for motive purposes. What you had in this trial, you had this financial evidence that came in, but this trial ended with seven defense witnesses, credibility witnesses. These seven people came in. I've known Ms. Ledwick for a number of years. My opinion is, based on my interactions with her, that she is a person of honesty and integrity. So assuming arguendo that there was any error here, it was harmless. You have no attack on the sufficiency of the evidence, and any potential prejudicial effect of this evidence was countered by the defense evidence that this woman is beyond reproach. Thank you, Your Honors. Thank you very much, Counsel. You have a little bit of time remaining. Just briefly, Your Honor, in our reply brief, we take on the government's assertion that simply because the evidence is sufficient that there can be no harmless error claim. Clearly, the two analyses are different. I would note that there are. I didn't understand him to say that, but. Perhaps I misread that. We certainly did address it in our reply brief to the extent that there is that suggestion. The change that is seen here is from primarily payments by check, payments of the mortgage by check, to payments of the mortgage by cash. And that change is in the year before the alleged fraud for payments by cash or cashier's check was, I think, the ultimate evidence in the case, and then moving to primarily cash payments thereafter. And so that's the change. And I would assert that that isn't a sufficiently abrupt or unexplained change of the circumstances. This is much more like Mitchell where you have evidence that is mixed. The evidence there showed some weakness in the government's case, and that was here, too. We showed a weakness in the government's case by establishing that three of the counts that the government said there would be no deposit to support the change order, that there were, in fact, those deposits, and the judge acquitted Ms. Ludwig of those counts. Very good. Thank you, Mr. Leonard, and also Mr. Lunn, for your arguments. We appreciate it. The case that's argued is submitted.
judges: Walter, Smith, Smith